IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LADERIAN McGHEE,

                 Plaintiff,

    v.

DALIA SULIENE, KAREN ANDERSON
and  LON BECHER,

                 Defendants.

ORDER

13-cv-67-bbc

---

      In this case, plaintiff Laderian McGhee is proceeding on claims that defendants Dalia Suliene, Karen Anderson and Lon Becher violated his rights under the Eighth Amendment and state medical malpractice law by depriving him of adequate medical care for his shoulder injury while he was incarcerated.  The parties have completed briefing defendants' motions for summary judgment, dkt. 30, 67.  Currently before the court is plaintiff's motion to strike the declaration of Glen Heinzl, who was briefly a defendant in this case before the parties stipulated to his dismissal.

      Dr. Heinzl is a medical doctor who currently works as a contract physician for the Department of Corrections.  In his declaration, dkt. 36, he reviews plaintiff's medical file and gives his expert opinion about the care he received.  Plaintiff moves to strike this declaration, stating that "Heinzl's testimony is based solely on his review of [plaintiff's] medical records," that he "was not physically present" on the dates of plaintiff's various treatments and that defendants have not disclosed Dr. Heinzl as an expert witness.  Defendants respond by stating that they intend to call Dr. Heinzl as an expert by the December 20 deadline set by the court and that his declaration includes the required Fed. R. Civ. P. 26(a)(2)(b) disclosures.

Plaintiff's argument that Dr. Heinzl was not present during plaintiff's treatment is a non-starter.  As is true for any qualified expert witness, Dr. Heinzl may review plaintiff's medical history by referring to plaintiff's medical records and then offer his opinion about the treatment.  *See* Fed. R. Evid. 703; *see also* Rules 702 and 803(6).

With regard to the non-disclosure of Heinzl as an expert, *both* sides are correct, up to a point. Plaintiff understandably wants defendants to comply with the letter F.R. Civ. Pro. 26(a)(2), which governs expert disclosures.  On the other hand, defendants have not yet hit their December 20, 2013 deadline for providing these disclosures for Dr. Heinzl; more to the point here, the defendants have *constructively* complied with the rule by including the required Rule 26(a)(2)(B) report information in Heinzl's declaration and by informing plaintiff in their response to his motion that they intend to call him as an expert.  As a practical matter, plaintiff already has all the information he needs, so that his insistence on formal disclosure is a glorification of form over substance.  Therefore, the court infers that the defendants have disclosed Dr. Heinzl as their expert witness in this lawsuit.  The defendants have until December 20, 2013 to fill any gaps in their Rule 26(a)(2) required disclosures. As a result, there is no reason to strike Dr. Heinzl's declaration, since this would be another example of glorifying form over substance: because the deadline to file dispositive motions deadline has not yet passed, the defendants would, simply an amended motion for summary judgment if the court struck their current submissions.  I am not going to do that.

To assure complete fairness to plaintiff, I will give him another opportunity to respond to Dr. Heinzl's expert testimony.  The purpose of Rule 26(a)92) is to put the opposing party on notice of the expert's proposed testimony so that the opponent may form an appropriate response.  *Musser v. Gentiva Health Services*, 356 F.3d 751, 757-58 (7th Cir. 2004).  Because Dr. Heinzl was not formally

disclosed as an expert at the time defendants filed their first motion for summary judgment, plaintiff did not receive the procedurally proper notice. Therefore, I will give plaintiff a short deadline to file a supplement to his materials in response to defendants' motions for summary judgment, adding what he thinks is important to rebut Dr. Heinzl's testimony.

In a worst-case scenario for plaintiff, if defendants had waited until the latest possible dates to disclose Dr. Heinzl (December 20, 2013 deadline) and then had file their summary judgment motion (January 27, 2014 deadline), then plaintiff would have had a couple of months after the disclosure of Dr. Heinzl to file a summary judgment response. Here, several months have passed since defendants constructively disclosed Dr. Heinzl's required Rule 26(a)(2)(B) report information, and plaintiff already has filed summary judgment responses. Therefore,, there is no need to give plaintiff a comparable amount of time to file his supplemental response. I will give him until January 13, 2014 to do so, and defendants may have until January 27, 2014 to file a reply.

ORDER

It is ORDERED that plaintiff Laderian McGhee's motion to strike the declaration of Glen Heinzl, dkt. 102, is DENIED. Plaintiff may have until January 13, 2014 to file a supplemental response to defendants' motions for summary judgment, and defendants may have until January 27, 2014 to file a reply.

Entered this 13th day of December, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3